UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-543-RJC

| | |
|---|---|
| JORGE GALEAS, JR.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FNU BYRD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed October 27, 2011 under 42 U.S.C. § 1983. (Doc. No. 1).

**I.     FACTUAL BACKGROUND**

On October 27, 2011, Plaintiff filed a § 1983 Complaint, alleging that Defendant Byrd ("Byrd"), a chaplain at Lanesboro Correctional Institution ("LCI") where Plaintiff is confined, refused to allow him to attend a Native American religious ceremony in retaliation for Plaintiff having filed a lawsuit against him. (Doc. No. 1 at 4, 6-7). In bringing this claim, Plaintiff utilized the standard form for prisoners filing a § 1983 civil rights complaint in the United States District Court for the Western District of North Carolina ("standard form"), adopted by the District Court in November, 2004. (Doc. No. 1). Section III of the standard form requires information from the inmate regarding exhaustion of administrative remedies. (Id. at 2). Plaintiff's only response under Section III is "N/A." (Id.). Consequently, Plaintiff was ordered

---

[1] Plaintiff identifies himself as "Jorge Galeas," but the North Carolina Department of Correction does not have an inmate by that name. Plaintiff's Inmate Identification Number (0655559) indicates that Plaintiff is incarcerated under the name "Jorge Gevara." N.C. Dep't. of Corr. Offender Information Portal, http://webapps6.doc.state.nc.us/opi/ (last visited Nov. 4, 2011).

to file a verified statement, sworn under penalty of perjury, that he either had exhausted his administrative remedies or that no grievance procedure existed at LCI. (Doc. No. 2). Thereafter, Plaintiff filed a verified statement swearing that there is no grievance procedure at LCI. (Doc. No. 3).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint is malicious and shall be dismissed. 28 U.S.C. § 1915A(b).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), requires that

inmates exhaust available administrative remedies prior to filing civil actions.² Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); Porter v. Nussle, 534 U.S. 516 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

"To be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been

---

² 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."

given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond." Green v. Rubenstein, 644 F. Supp. 2d at 742 (citations and quotations omitted).

The North Carolina Department of Correction provides a three-step administrative remedy procedure for prisoner complaints ("the ARP"). Div. of Prisons, Policy and Procedure Manual, Chapter G § .0300 (Sept. 24, 2007), available at http://www.doc.state.nc.us/dop/policy_procedure_manual/G.0300_09_24_07.pdf. Step One allows for the filing of grievances on a "Form DC-410." Id. at § .0310(a)(1). If the inmate is not satisfied with the response to his grievance, he may appeal to the prison administrator for review (Step Two). Id. at § .0310(b)(1). If the inmate is not satisfied with the Step Two response, he may appeal to the Secretary of the Department of Correction ("DOC") through the Inmate Grievance Resolution Board. Id. at § .0310(c).

LCI is a prison within the DOC. Consequently, Plaintiff's verified statement that there is no grievance procedure at LCI is false. (Doc. No. 3). The Court takes judicial notice that the instant Complaint is Plaintiff's eighth civil rights complaint filed in this Court in the last 14 months.[3] All eight complaints were filed while Plaintiff was incarcerated at LCI. In support of his previous seven complaints, Plaintiff filed verified statements that he had exhausted his administrative remedies at LCI before filing his civil rights actions in federal court. (Case No. 3:10-cv-354, Doc. No.4; Case No. 3:10-cv-454, Doc. No. 5; Case No. 3:10-cv-517, Doc. No. 3;

---

[3] The other seven cases are: Galeas v. Parsons, et al. (3:11-cv-373), filed July 29, 2011; Galeas v. Horne, et al. (3:11-cv-220), filed May 4, 2011; Galeas v. Walrath, et. al. (3:11-cv-163), filed Apr. 5, 2011; Galeas, et al. v. Neely, No. 3:10-cv-599 (W.D.N.C. Dec. 1, 2010), filed Nov. 22, 2010, aff'd, 412 F. App'x 650 (4th Cir. 2011); Galeas v. Beck, et al. (3:10-cv-517), filed Oct. 18, 2010; Gevara v. Inpold (3:10-cv-454), filed Sept. 10, 2010; Gevara v. Bennett, et al. (3:10-cv-354), filed Aug. 2, 2010.

4

Case No. 3:10-cv-599, Doc. No. 11; Case No. 3:11-cv-163, Doc. No. 3; Case No. 3:11-cv-220, Doc. No. 5; Case No. 3:11-cv-373, Doc. No. 3). Notwithstanding those verified statements,[4] two of Plaintiff's previous lawsuits were dismissed in part or in their entirety because he failed to exhaust his administrative remedies before suing in federal court. See Gevara v. Bennett et al., No. 3:10-cv-354, 2011 WL 4501558, at * 1 n. 2 (W.D.N.C. Sept. 28, 2011); Galeas, et al. v. Neely, No. 3:10-cv-599 (W.D.N.C. Dec. 1, 2010), aff'd, 412 F. App'x 650 (4th Cir. 2011). A third complaint, filed in the Middle District of North Carolina, also was dismissed for failure to exhaust administrative remedies. Gevara v. Bennett et al., No. 1:09-cv-343 (M.D.N.C. Sept. 21, 2010), aff'd, 406 F. App'x 704 (4th Cir. 2010).

Plaintiff's litigation history demonstrates not only that there is an inmate grievance procedure at LCI, but that Plaintiff has made frequent use of it. Further, despite having three civil rights complaints dismissed, in whole or in part, for failure to exhaust administrative remedies, and two appeals challenging those dismissals rejected, Plaintiff persists in filing unexhausted claims against various LCI officials. Indeed, the instant Complaint is the second that Plaintiff has filed against Byrd without first exhausting his administrative remedies. (Case 3:11-cv-220, Doc. No. 13: Third Am. and Supplemental Compl.; Doc. No. 13-2: Form DC-410 ¶ 13, rejecting grievance for failure to comply with ARP).

Given his litigation history, Plaintiff could not reasonably have believed that this Complaint would be treated any differently than his previously-filed unexhausted complaints. In fact, the Court views the falsehood in Plaintiff's verified statement as evidence that he knew that this Complaint was subject to dismissal on exhaustion grounds when he filed it. Consequently,

---

[4] A verified statement has the legal effect of a sworn statement. See 28 U.S.C. § 1746.

the Court finds that Plaintiff did not file the instant Complaint in good faith but with the intent to harass and create mischief for Byrd. In so doing, he has abused the judicial process. See, e.g., Ball v. Bristol City Sheriff's Dep't, No. 7:10-cv-350, 2010 WL 3199920, at * 2 (W.D. Va. Aug. 12, 2010) (holding that plaintiff's "repeated filing of a claim that he knows to be legally frivolous constitutes abuse of the legal process and provides grounds on which to dismiss his lawsuit as malicious, pursuant to § 1915A(b)(1)").

Plaintiff likewise has abused the in forma pauperis ("IFP") system in filing his Complaint. Congress amended the IFP statute in an attempt to dissuade prisoners from abusing the system of free access to the courts by requiring indigent prisoners to pay the civil action filing fee in each civil action, albeit in installments. See 28 U.S.C. § 1915(b)(1). Plaintiff has been granted IFP status in each of his previous cases and has paid less than 2% of the thousands of dollars in filing fees he has accrued for his various federal lawsuits, including those that were dismissed as unexhausted, (Case No. 3:11-cv-373, Doc. No. 4 (sealed), filed Aug. 23, 2011).[5] See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996) (approving district court's consideration of a plaintiff's past litigious conduct in determining whether to dismiss a case as frivolous or malicious or for failure to state a claim under the IFP statute, 28 U.S.C. § 1915). Plaintiff is seeking IFP status in this case despite knowing that his Complaint relies on unexhausted claims and is subject to dismissal on initial review. In short, Plaintiff is attempting to use the IFP system to enable an abusive filing, at very little cost to himself.

Plaintiff's abuse of the legal process provides grounds on which to dismiss his Complaint as malicious. See, e.g., Johnson v. Edlow, 37 F.Supp. 2d 775, 776 (E.D. Va. 1999) (finding that

---

[5] Plaintiff has not yet filed a certified copy of his Prisoner Trust Account statement for the six months immediately preceding his initiation of this action. (Doc. No. 2).

a litigant may be deemed to act maliciously for purposes of § 1915A(b)(1) if his litigation history indicates his motive in filing suit is to vex and harass the defendants); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (affirming district court's dismissal of indigent plaintiff's duplicative lawsuit as "malicious"); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."); Spencer v. Rhodes, 656 F.Supp. 458, 463-64 (E.D.N.C. 1987) (dismissing as malicious complaint filed by indigent inmate for purpose of harassing defendants).

Plaintiff's abuse of the legal process also provides grounds upon which to deny him IFP status. See e.g. Butler v. Dep't of Justice, 492 F.3d 440, 444 (D.C. Cir. 2007) (holding that courts have the "discretionary authority to deny IFP status to prisoners who have abused the privilege"); In re Sindram, 498 U.S. 177, 180 (1991) (concluding that the Court had a duty to deny in forma pauperis status to individuals who abused the system).

Based upon the foregoing, the Court shall dismiss Plaintiff's Complaint with prejudice as malicious. See 28 U.S.C. § 1915A(b)(1). The dismissal of this matter shall count as a "strike" for purposes of 28 U.S.C. § 1915(g). Additionally, Plaintiff's "Application to Proceed in District Court Without Prepaying Fees and Costs" shall be denied. See 28 U.S.C. § 1915(a) & (e)(2).

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's § 1983 Complaint, (Doc. No. 1), is **DISMISSED with prejudice** as malicious pursuant to 28 U.S.C. § 1915A(b)(1), and

2. Plaintiff's "Application to Proceed in District Court Without Prepaying Fees and Costs," (Doc. No. 1-3), is **DENIED**. See 28 U.S.C. §§ 1915(a) & (e)(2).

7

Signed: December 20, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

8